```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

DAVID R. FOSTER,                    §
TDCJ-CID NO. 352400,                §
                                    §
            Petitioner,             §
                                    §
v.                                  §
                                    §   CIVIL ACTION NO. H-05-4143
DOUGLAS DRETKE, Director,           §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
            Respondent.             §

### MEMORANDUM OPINION AND ORDER

David R. Foster, also known as Randall David Foster ("Foster"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of time credits towards his sentence. Pending before the court are Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 11) and Foster's Traverse (Docket Entry No. 14). For the reasons discussed below, the court will grant the motion for summary judgment and deny Foster's petition for a writ of habeas corpus.

### I. Procedural History and Claims

Foster pleaded guilty to attempted capital murder with a deadly weapon on December 17, 1982, in the 182nd District Court of

Harris County, Texas.  He was convicted and sentenced to twenty-one years' imprisonment.  Ex parte Foster, No. 16,135-03, at 30-31. Because he is challenging the denial of time credits toward his sentence rather than his conviction, the procedural history of his conviction is unnecessary.

On March 7, 2005, Foster filed a petition for a state writ of habeas corpus arguing that he was improperly denied time credits he earned while on parole and that this subjected him to a violation of the protection against double jeopardy.  Ex parte Foster, No. 16,135-03, at 2.  It was denied without written order on June 29, 2005.  Ex parte Foster, No. 16,135-03, at cover.  Foster filed another state writ petition on September 8, 2005, arguing that he had been denied pre-conviction time credits, work-time credits, and time credits under the Prison Management Act ("PMA"). Ex parte Foster, No. 16,135-04, at 2.  It was denied without written order on the findings of the trial court without a hearing on November 9, 2005.  Ex parte Foster, No. 16,135-04, at cover.

Foster filed the instant petition for writ of habeas corpus on December 8, 2005.  Fed. Writ Pet. at cover.  He presents the following grounds for relief:

   1. He is being illegally denied time credits under the PMA;

   2. he is being denied presentence jail time credit; and

   3. he is being denied "A" diligent participation credit.

Because Foster was convicted and sentenced in Harris County, this court has jurisdiction over Foster's petition pursuant to 28 U.S.C. § 2241(d).  See Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   Standard of Review

**A.   Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial.  Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  FED. R. CIV. P. 56(c).  When considering a summary

judgment motion the court resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S.Ct. 1545, 1551-52 (1999).

In a habeas case, the court should construe liberally the petitions of prisoners seeking relief. See Haines v. Kerner, 92 S.Ct. 594 (1972) (per curiam). Procedural rules must give way at times because of the "unique circumstance of incarceration." McNeil v. United States, 113 S.Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S.Ct. 2379 (1988)). Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." Haines, 92 S.Ct. at 596.

**B.   One-Year Statute of Limitations**

When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, it included a one-year statute of limitations. Section 2244(d) states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The AEDPA's one-year limitations period applies to petitions attacking the calculation of time served. Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2000).  Because Foster filed his petition for habeas corpus after the effective date of the AEDPA, its statute of limitations governs his claims. Lindh v. Murphy, 117 S.Ct. 2059 (1997); Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).

### III.  Analysis

Respondent moves for summary judgment based on the one-year statute of limitations.  Because Foster is attacking his time credit calculation rather than his conviction (Petition, Docket Entry No. 1, at pp. 7-7A), the one-year limitations period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

Foster claims that he discovered he was being denied time credits after he was returned to TDCJ-CID custody for a violation

of his mandatory supervision in 2003. (Petition, Docket Entry No. 1, at pp. 7-7A) The actual date of his return was January 22, 2004. (Affidavit of Tina Benedetto, Exhibit A to Respondent's Motion for Summary Judgment, Docket Entry No. 11) Therefore, the one-year limitations period began to run on January 22, 2004, and Foster was required to file his federal habeas petition on or before January 22, 2005.

Under § 2244(d)(2), a properly filed petition for state writ of habeas corpus will toll the limitations period. Foster filed petitions for a state writ of habeas corpus on March 7, 2005, and September 8, 2005. Ex parte Foster, No. 16,135-03; Ex parte Foster, No. 16,135-04. Because both petitions were filed after the limitations period had expired, they did not toll limitations. Foster also filed four time-credit dispute resolution forms before expiration of the limitations period. They do not toll the one-year limitations period under the AEDPA, however, because they are not applications for State post-conviction or other collateral review as required by § 2244(d)(2). See Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999) (holding that a petition for writ of certiorari to the Supreme Court does not toll the limitations period as it is not an application for 'State' review); see also Foley v. Cockrell, 222 F.Supp.2d 826, 828 (N.D. Tex. 2002) (stating that "because TDCJ is not a state court and a decision in a prison disciplinary case is not a judgment of a state court, the limitation period does not

toll by statute during the time that administrative appeals through the prison grievance process are pending"). Equitable tolling is not applicable because Foster has not argued any basis for equitable tolling.[1] Accordingly, the expiration date for the limitations period remained January 22, 2005, and the instant petition for writ of habeas corpus, filed on December 8, 2005, was filed over ten months late.

Foster's petition was untimely filed and is time-barred as a result. Therefore, respondent's motion for summary judgment will be granted.

## IV.   Certificate of Appealability

Although Foster has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, the issue of a COA may arise. This court may deny a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA Foster must make a

---

[1] A court may equitably toll the AEDPA's statute of limitations "in extraordinary circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1988)). "Once a defendant has shown that a claim is time barred by the applicable statute of limitations, it is incumbent upon the plaintiff, if he is to avoid the bar, to come forward and demonstrate that for some equitable reason the statute should be tolled in his case." Makedwde Publ'g Co. v. Johnson, 37 F.3d 180, 183 (5th Cir. 1994) (citing Prather v. Neva Paperbacks, Inc., 446 F.2d 338, 340 (5th Cir. 1971)); see also Fisher, 174 F.3d at 713 n.11 (looking to non-AEDPA cases for further elucidation on when to toll). Because Foster has not put forth any basis for equitable tolling, the court will not equitably toll the statute of limitations in this case.

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S.Ct. 2562, 2569 (2004). To make such a showing Foster must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S.Ct. at 2569. For the reasons stated in this Memorandum Opinion and Order, Foster has not made a substantial showing of the denial of a constitutional right.

## V. Conclusion and Order

The court **ORDERS** the following:

1. The Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2. Foster's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 26th day of June, 2006.

                                    _____
                                            SIM LAKE
                                    UNITED STATES DISTRICT JUDGE